IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| ANTONIA BERRY | § |
| VS. | §   CIVIL ACTION NO. 1:06cv691 |
| UNITED STATES OF AMERICA | § |

MEMORANDUM OPINION

Movant Antonia Berry, an inmate confined in Federal Correctional Complex in Yazoo City, Mississippi, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Procedural History

On June 25, 1993, following a jury trial, movant was convicted of conspiracy to possess and distribute cocaine and of attempting to possess cocaine with the intent to distribute. Movant was sentenced to life imprisonment on the conspiracy charge and twenty years imprisonment on the possession charge. The convictions and sentence were affirmed on appeal. *United States v. King*, No. 93-5011 (5th Cir. Apr. 10, 1995).

Movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on November 25, 1996. The trial court denied the motion on the merits. *Berry v. United States*, 1:96cv722 (E.D. Tex. Jan. 14, 1998). The United States Court of Appeals for the Fifth Circuit denied movant's request for a certificate of appealability.

1

Movant filed a second motion to vacate sentence on July 31, 2000. The trial court dismissed the motion as successive because movant failed to obtain authorization from the Fifth Circuit before proceeding with a second motion to vacate sentence. *Berry v. United States*, 1:00cv529 (E.D. Tex. Sept. 26, 2000). Movant's request for authorization to file a second or successive motion to vacate sentence was denied on October 3, 2000. *In re Berry*, No. 00-40780 (5th Cir. Oct. 3, 2000).

## Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255 by imposing requirements for bringing successive motions. As amended, Section 2255 prohibits consideration of a second or successive motion unless the motion is certified by the appropriate court of appeals to contain either: (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Here, because movant has file two prior motions to vacate, set aside or correct sentence, movant is barred from proceeding without first receiving authorization from the Fifth Circuit. Movant's motion is an attempt to re-argue his first motion to vacate, set aside or correct sentence. However, the time to raise such argument was on appeal. As movant has not received permission to

2

file a successive motion to vacate sentence, his current filing must be dismissed.  The dismissal of this action is without prejudice to movant's ability to file a motion to vacate sentence after obtaining permission from the Fifth Circuit Court of Appeals.

Further, the AEDPA also imposed a one-year statute of limitations for the filing of a motion to vacate sentence.  Title 28 U.S.C. § 2255, as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --
>
>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A prisoner filing a motion to vacate sentence, after the effective date of the AEDPA, but attacking a conviction which became final prior to effective date of the Act, must be accorded a reasonable time within which to file the motion.  *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998).  AEDPA's one-year limitation period is a reasonable amount of time.  *Id.*

Subparagraph C provides that the one-year period commences from the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review.  *See* Subparagraph (C) of § 2255.

Movant's conviction became final in 1995.  Thus, the one-year limitations period expired in 1996.  Movant did not file this § 2255 motion until November 2006, more than nine years after the expiration of the one-year period.  Therefore, movant's § 2255 motion is clearly untimely.

<u>Conclusion</u>

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed.  A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **16** day of **November, 2006.**

_____
Thad Heartfield
United States District Judge